IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EVERETT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6631 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                                         **JANUARY 16, 2025**

Plaintiff James Everett, a convicted prisoner currently incarcerated at SCI Frackville, filed a *pro se* civil rights complaint raising claims pursuant to 42 U.S.C. § 1983, for violations of his constitutional rights and seeking declaratory and injunctive relief.[1] Currently before the Court are Everett's Complaint ("Comp." (ECF No. 1)), his Motion for Leave to Proceed *In Forma Pauperis*, and his Prisoner Trust Fund Account Statement (ECF Nos. 5, 6.) Everett asserts claims against the Commonwealth of Pennsylvania's Department of Corrections and the Philadelphia County Court of Common Pleas.[2] For the following reasons, the Court will grant Everett leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to his filing a petition for writ of habeas corpus.

---

[1] Everett invokes the Declaratory Judgment Act, 28 U.S.C. § 2201 as a basis for the Court's jurisdiction (Compl. at 2), but "[t]he Declaratory Judgment Act does not[] . . . provide an independent basis for subject-matter jurisdiction; it merely defines a remedy." *Allen v. DeBello*, 861 F.3d 433, 444 & n.57 (3d Cir. 2017).

[2] Although not included in the caption of the Complaint, the Philadelphia County Court of Common Pleas is identified as a Defendant in the body of the Complaint. (*See* Comp. at 3.) The Clerk of Court will be directed to amend the docket to reflect this.

I.      **FACTUAL ALLEGATIONS**[3]

Everett alleges that in early 1985, he was charged with one count each of murder and possession of an instrument of crime pursuant to a Police Criminal Complaint ("PCC") that specified "2502 Murder F1" and "907 PIC M1." (Comp. at 3.) He alleges that "2502 Murder F1" refers to murder in the third-degree, a felony of the first degree, and that a person convicted of a felony of the first degree is subject to imprisonment for a period of not more than 20 years. (*Id*. ar 3-4 (citations omitted)). Everett alleges he was arraigned on the foregoing charges on February 6, 1986, and that on April 3, 1987, a jury returned a verdict of guilty on both charges. (*Id*. at 4.) He was subsequently sentenced to life imprisonment on the murder charge and an additional two and one-half to five years imprisonment on the PIC charge, the sentences to run concurrently. (*Id*. at 5.)

Everett contends that the life sentence was imposed unlawfully and, as a result, was void *ab initio*. (*Id*. at 6.) First, he alleges that the PCC charging him did not include any crime that carried the possibility of a life sentence, and that any change made to the PCC was made without notice to him. (*Id*. at 4, 7-8.) Further, he alleges that the trial court did not follow statutorily mandated sentencing procedures before sentencing him to a term of life imprisonment, in that the trial court immediately dismissed the jury following the determination of guilt, rather than conducting a sentencing hearing in which the jury determined whether the convicted defendant should be sentenced to death or life imprisonment. (*Id*. at 4, 9 (citations omitted.)) Everett

---

[3] The factual allegations set forth in this Memorandum are taken from Everett's Complaint (ECF No. 1). The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available dockets, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

alleges that, instead, the sentencing judge unilaterally made the decision to sentence him to life imprisonment. (*Id*. at 10; *see also* Exhibit D, *id* at 19-20 (partial transcript of sentencing hearing during which The Honorable Juanita Kidd Stout stated, "I have two alternatives. I can give you life or death. I'm going to give you life imprisonment. You have thirty days in which to appeal to the Superior Court of Pennsylvania.")

Everett claims that his life sentence was void *ab initio* because the trial court did not have jurisdiction to impose a life sentence based on the charge set forth in the PCC, and the sentencing judge was not permitted to disregard statutorily mandated sentencing procedures and not empowered to use discretion in sentencing. (*Id*. at 10, 11.) He claims that he has been deprived of his Fourteenth Amendment rights. (*Id*. at 7.) He requests, *inter alia*, a declaration that the Commonwealth of Pennsylvania had no jurisdiction to impose a life sentence following his conviction on the murder charge, and that the Department of Corrections has no cause to keep him in custody. (*Id*. at 13.) He also requests injunctive relief in the form of an order enjoining the Department of Corrections from continuing to detain him. (*Id*.)

The state court docket in *Commonwealth v. Everett*, No. CP-51-CR-100251-1986 (C.P. Phila.) reflects that on January 27, 1988, Everett was sentenced to life imprisonment following his conviction for murder and two and one-half to five years of imprisonment on his PIC conviction, to be served concurrently with the life sentence. (*Id*.) The docket further reflects that Everett has unsuccessfully challenged his sentence in state court on several occasions. (*Id*.) Publicly available federal court dockets reflect that Everett has unsuccessfully sought habeas corpus relief in this Court on more than one occasion. *See, e.g*., *Everett v. Walsh*, No. 09-5691 (dismissing petition for writ of *habeas corpus* as successive and identifying two prior petitions

3

attacking the same underlying conviction, both themselves denied as impermissible second or successive petitions).

## II. STANDARD OF REVIEW

The Court will grant Everett leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Everett is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[4] Because Everett is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

**III.    DISCUSSION**

Though Everett couches his claims in terms of violations of his constitutional rights, the recovery he seeks – a declaration that his sentence is void and an injunction disallowing his further detention – is relief this Court is not empowered to provide in a § 1983 action. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*). And, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). For these reasons, Everett's claim is dismissed without prejudice to his filing a further petition for writ of *habeas corpus* seeking the relief described.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Everett leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to Everett challenging his convictions in a *habeas corpus* proceeding. Leave to amend will not be granted at this time because the Court concludes

that amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).  An appropriate Order follows.

                                      **BY THE COURT:**

                                      **/s/ Chad F. Kenney**

                                      **CHAD F. KENNEY, J.**